================================================================

# THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

———————————————

MARWIN MAHAJNI,

*Plaintiff-Appellee,*

v.

VU DO and SCOTT WOIDA,

*Defendants-Appellants.*

———————————————

Appeal from the United States District Court
for the Eastern District of Wisconsin
Case No. 24-CV-416
The Honorable Judge Pamela Pepper

———————————————

## REPLY BRIEF OF DEFENDANTS-APPELLANTS VU DO AND SCOTT WOIDA

———————————————

SAMUEL C. HALL, JR.
WI State Bar No. 1045476
*Counsel of Record*
BRIANNA J. MEYER
WI State Bar No. 1098293
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants-Appellants,
Vu Do and Scott Woida
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: (414) 271-7722
shall@crivellolaw.com
bmeyer@crivellolaw.com
zflood@crivellolaw.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT ...................................................................................................... 1

   I. MAHAJNI MATERIALLY MISSTATES THE DISTRICT COURT'S DECISION THAT IS BEFORE THIS COURT. ...................................... 2

   II. THE DISTRICT COURT ERRED BY FAILING TO DISMISS THE CLAIMS AGAINST DEPUTY WOIDA ON QUALIFIED IMMUNITY GROUNDS. ............................................................................................ 8

     A. Mahajni Bore the Burden on Qualified Immunity, Not Appellants. 8

     B. Mahajni Failed to Meet his Burden to Show that Deputy Woida's Alleged Conduct Violated a Clearly Established Right. ................. 11

     C. Mahajni's Failure to Respond to Deputy Woida's Non-Frivolous Affirmative Defense is Dispositive. ................................................ 14

   III. MAHAJNI'S INVOCATION OF RULE 11 SANCTIONS IS UNWARRANTED AND INAPPROPRIATE. ........................................ 20

CONCLUSION ................................................................................................. 25

CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7), FRAP RULE 32(g), FRAP RULE 32(c) ...................................................................... 27

PROOF OF SERVICE ...................................................................................... 28

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Archer v. Chisholm,*
870 F.3d 603 (7th Cir. 2017) ....................................................................9, 10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................................7, 13

*Burritt v. Ditlefsen,*
807 F.3d 239 (7th Cir. 2015)....................................................................3, 10

*Cincinnati Ins. Co. v. E. Atl. Ins. Co.,*
260 F.3d 742 (7th Cir. 2001)........................................................................18

*Doe v. Board of Regents of University of Michigan,*
2023 WL 5095799 (6th Cir. Aug. 9, 2023) ....................................................16

*Erwin v. Daley,*
92 F.3d 521 (7th Cir. 1996) ................................................................... 11, 15

*Fultz v. Taylor,*
2023 WL 2328212 (N.D. Ind. Mar. 1, 2023)......................................... 16, 17

*Gibbs v. Lomas,*
755 F.3d 529 (7th Cir. 2014)................................................................ 14, 17

*Green v. Newport,*
868 F.3d 629 (7th Cir. 2017) ....................................................................9, 10

*Katz-Crank v. Haskett,*
843 F.3d 641 (7th Cir. 2016) ..........................................................................3

*McCauley v. City of Chicago,*
671 F.3d 611 (7th Cir. 2011).........................................................................19

*Mullenix v. Luna,*
577 U.S. 7 (2015) .........................................................................................12

*Pearson v. Callahan,*
555 U.S. 223, 231 (2009) ..........................................................................9, 24

*Pulera v. Sarzant*,
　966 F.3d 540 (7th Cir. 2020) ........................................................................18

*Reed v. Palmer*,
　906 F.3d 540 (7th Cir. 2018) ............................................................ 7, 11, 13

*Sabo v. Erickson*,
　128 F.4th 836 (7th Cir. 2025) .......................................................... 13, 14, 25

*Sinn v. Lemmon*,
　911 F.3d 412 (7th Cir. 2018) ...................................................................*passim*

*Smith v. McCord*,
　707 F.3d 1161 (10th Cir. 2013) ............................................................ 16, 17

*Stewardson v. Biggs*,
　43 F.4th 732 (7th Cir. 2022) ........................................................................20

*Stockton v. Milwaukee Cnty.*,
　44 F.4th 605 (7th Cir. 2022) ........................................................................11

*Thompson v. City of Chicago*,
　472 F.3d 444, 454 (7th Cir. 2006) ...............................................................18

*U.S. v. Berkowitz*,
　927 F.2d 1376 (7th Cir. 1991) .....................................................................18

*Vance v. Peters*,
　97 F.3d 987 (7th Cir. 1996) .........................................................................12

*Volkman v. Ryker*,
　736 F.3d 1084 ...............................................................................................14

*Walker v. Rowe*,
　791 F.2d 507 (7th Cir. 1986) .......................................................................12

## Statutes

18 U.S.C. § 1503 ...............................................................................................18

42 U.S.C. § 1983 .........................................................................................*passim*

## Other Authorities

Cir. R. 31(e) ......................................................................................28

F.R.A.P Rule 32(a)(7) and C. ...........................................................27

Fed. R. App. P. 32(f) .........................................................................27

Fed. R. Civ. P. 11(c)(1)(2) .................................................................21

Fed. R. Civ. P. 11(c)(2) .....................................................................21

FRAP RULE 32(g) ..............................................................................27

RULE 11 ................................................................................. 20, 21, 25

Rule 11(b) ...........................................................................................21

Rule 12(c) ......................................................................................*passim*

RULE 32(c) .........................................................................................27

## ARGUMENT

Mahajni's response brief is riddled with unsupported legal arguments and misplaced personal attacks that are rooted in a fundamental misunderstanding of the relevant holdings and rationale of District Court and the law governing qualified immunity. Importantly, Mahajni does not convincingly demonstrate why his failure to substantively respond to Deputy Woida's invocation of qualified immunity in the District Court does not warrant the application of immunity to his § 1983 claims against Deputy Woida in this case.

In ruling on Appellants' Rule 12(c) motion, the District Court correctly concluded that Mahajni failed to meet his burden to overcome Deputy Woida's assertion of qualified immunity, and that it "could simply dismiss Deputy Woida as a defendant for the plaintiff's failure to meet the burden." (App. 41). However, the District Court committed a reversible error when it declined to extend qualified immunity to Deputy Woida based on its reasoning that doing so would be "unfair" because Deputy Woida failed to present arguments showing that his alleged conduct did not violate a clearly established right. (*Id.*) By requiring Deputy Woida to satisfy the "clearly established" prong of the qualified immunity analysis as a condition precedent to recognizing his immunity, the District Court alleviated Mahajni

from his burden on qualified immunity and improperly held Appellants accountable for a burden that did not belong to them. Accordingly, this Court should reverse the District Court rejection of Deputy Woida's qualified immunity defense and dismiss him from the case because he is immune from both litigation and liability on Mahajni's § 1983 claims.

## I. MAHAJNI MATERIALLY MISSTATES THE DISTRICT COURT'S DECISION THAT IS BEFORE THIS COURT.

On appeal, Mahajni maintains that the District Court correctly determined that Deputy Woida is not entitled to qualified immunity when it partially denied Appellants' Rule 12(c) Motion for Judgment on the Pleadings. (*See generally* Dkt. 31). At best, his arguments regarding the legal soundness of the District Court's ruling and reasoning are found upon a fundamental misunderstanding of the court's decision and the law governing qualified immunity. Unfortunately, Mahajni also materially misstates the relevant rulings and rationale of the District Court in his brief. The inconsistencies between Mahajni's interpretation of the court's order and the transcript of its oral ruling are apparent from even a cursory review of the record. (*Compare* Dkt. 31, pp. 2, 5, 6-7, 19, 22 *with* App. 40-42). However, because Mahajni's erroneous interpretation of the District Court's order is central to his position on appeal, Appellants address some of his more blatant misreadings of the court's decision as follows:

First and foremost, the District Court did not hold that Deputy Woida's "conduct violated Appellee's clearly established rights." (Dkt. 31, p. 7; *see also* App. 40-42). Relating to Deputy Woida's assertion of qualified immunity, the issue before the District Court was whether the Complaint plausibly alleged facts which, if true, establish a violation Mahajni's clearly established rights by Deputy Woida. *See Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). Appellants' motion challenged the legal sufficiency of the Complaint, and the court's decision addressed whether Mahajni stated a claim for relief against Deputy Woida based on his conduct *alleged* in the Complaint.[1]

Similarly, although the District Court declined to extend qualified immunity to Deputy Woida "at this time," the decision was not based on an explicit finding that the Complaint plausibly alleged conduct by Deputy Woida that violated Mahajni's clearly established rights. (App. 2, 40-42).

---

[1] Without citation to the record, Mahajni quotes Appellants' opening arguments regarding the sufficiency of the Complaint's allegations and claims that Deputy Woida made an "admission of a party opponent and statement against interest . . . ." (Dkt. 31, pp. 19-20). This is a mischaracterization of Appellants' argument, and the quoted portions of their opening brief do not constitute statements against interest or an admission that Deputy Woida violated a clearly established right. The factual allegations in the pleading are accepted as true for purposes of a Rule 12(c) motion. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016).

Rather, the District Court confirmed that Deputy Woida *raised* qualified immunity, Mahajni had the burden to defeat it, and he did not meet this burden. (*Id.*, p. 41). The court further acknowledged it "*could simply dismiss Deputy Woida as a defendant for the plaintiff's failure to meet the burden.*" (*Id.*) (emphasis added). However, the court explained that it would not extend qualified immunity to Deputy Woida on the pleadings because it "feels unfair to me given . . . the defendant didn't make any arguments about how Woida's particular conduct or lack of conduct . . . was somehow not a clearly established right." (*Id.*) The court denied qualified immunity to Deputy Woida without prejudice and without independently concluding that his alleged conduct violated Mahajni's clearly established rights. (*Id.*, pp. 41-42).[2]

Mahajni's facially misleading block quote of the court's oral ruling on pages six and seven of his response brief is also concerning for several reasons. (Dkt. 31, pp. 6-7). In this block quote—which is not supported by a citation to the record—Mahajni patchworks together various sections of the court's decision, some of which do not concern its analysis of Deputy Woida's qualified immunity defense. (*Id.*; App. 33–42) Additionally, the court's

---

[2] Contrary to Mahajni's assertion, the District Court did not find that "*both defendants* waived qualified immunity[.]" (Dkt. 31, p. 5; App. 41-42).

language contained in this quote begins on page 31 and ends on page 40 of the transcript of its oral ruling. (*Id.*) Despite excluding most of the court's decision found within this page range, Mahajni presents the quoted language as complete and sequential, without indicating that he omitted the court's language within the quoted, but uncited, page range. (*Id.*) In doing so, the decision is quoted in a manner which improperly suggests the District Court's statements and rulings on *absolute* immunity and *Deputy Do's* assertion of qualified immunity also formed the basis for its refusal to dismiss Deputy Woida based on qualified immunity. (*Id.*; App. 40-42).

For example, the third paragraph in Mahajni's block quote solely concerns the District Court's analysis of *Deputy Do's* entitlement to qualified immunity. (Dkt. 31, p. 6-7; App. 38:2-25). Immediately following this paragraph, Mahajni quotes the portion of the court's decision in which it considered various options with respect to *Deputy Woida's* qualified immunity defense before ultimately ruling that it would not extend qualified immunity to him on the pleadings. (Dkt. 31, p. 6-7; App. 41:5–42:2). Nearly three pages of the court's decision are omitted from the quote between the third paragraph regarding Deputy Do's qualified immunity, and the quoted paragraphs immediately following concerning Deputy Woida's qualified immunity. (Dkt. 31, p. 6-7; App. 38-42). Notably, the omitted portions of the

decision in Mahajni's quotation largely consist of the District Court's substantive analysis of Deputy Woida's qualified immunity defense—the sole issue in front of this Court. (App. 40:8-41:4).

By including within this block quote (1) the court's rejection of Deputy Woida's absolute immunity defense and its denial of qualified immunity to Deputy Do; (2) immediately thereafter, quoting the District Court's closing remarks regarding Deputy Woida's qualified immunity; (3) omitting the court's reasoning for not extending qualified immunity to Deputy Woida; and (4) by failing to indicate that language from the court's decision had been removed from the quote, Mahajni misrepresents the record and distorts the District Court's reasoning for its decision regarding Deputy Woida's qualified immunity.

The arguments Mahajni makes following this block quotation correlate with its above-noted misleading components. (Dkt. 31, pp. 7-8). The sentence immediately following this block quote reads, "In consideration of the matter as it presently stands, in fact the District Court *did* conclude for purposes of this motion that Woida's conduct violated Appellee's clearly established rights." (*Id.*, p. 7) (emphasis in original). On the following page of his brief Mahajni incorrectly states:

> Having determined that drawing fictitious invidious distinctions between the manner in which each

> officer violated their oaths (and the constitutional
> rights of the Appellee) is irrelevant to the fact that
> both of them engaged in wholly inappropriate,
> unlawful activities in violation of Appellee's clearly
> established constitutional rights, the District Court,
> at least insofar as a Rule 12(c) motion is concerned,
> justifiably declined to extend the protections of
> qualified immunity as to *both* defendants.

(*Id.*, p. 8) (emphasis in original); (*see also id.*, p. 5 (incorrectly stating that the court "ruled that the parsing of the manner in which these two court officials violated their oaths was *irrelevant* to the fact that through their behavior in violating their oaths . . . .") (emphasis in original)).

But the District Court made no such determination. In fact, it provided the opposite reasoning in the portion of its decision Mahajni selectively omits from his block quote: "There's a different allegation against Woida. . . . So when we analyze whether or not Woida violated a clearly established right, it's a different analysis than we're looking at whether or not Do violated a clearly established right." (App. 40).[3]

---

[3] Mahajni's inaccurate description of the court's decision also does not reflect well-established legal standards governing individual liability under § 1983 and qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (to state an individual capacity claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution.") (emphasis added); *see also Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018) (in the context of qualified immunity, the right violated must be defined "'at the appropriate level of specificity[,]" as "'[t]he Supreme Court has 'repeatedly told courts . . . not to define clearly established law at a high level of generality.'") (internal citations omitted).

Mahajni's opposing arguments are unpersuasive, in part because they rely on an erroneous interpretation of the District Court's decision. And, as discussed *infra*, Mahajni does not meaningfully address the District Court's correct finding that he failed meet his burden to overcome Deputy Woida's assertion of qualified immunity, nor does he convincingly demonstrate why this Court should deviate from its precedent holding that a plaintiff's failure to satisfy the burden on qualified immunity "is fatal for the plaintiff's case." *Sinn v. Lemmon*, 911 F.3d 412, 418 (7th Cir. 2018).

## II. THE DISTRICT COURT ERRED BY FAILING TO DISMISS THE CLAIMS AGAINST DEPUTY WOIDA ON QUALIFIED IMMUNITY GROUNDS.

### A. Mahajni Bore the Burden on Qualified Immunity, Not Appellants.

As discussed, the District Court unequivocally determined that Deputy Woida raised qualified immunity; Mahajni had the burden to defeat it; he failed to meet his burden; and his failure to satisfy the burden provided the court with a basis to dismiss Deputy Woida. (App. 41). Appellants' appeal does not challenge this aspect of the court's decision. Instead, Appellants contend that the District Court made a reversible error by declining to dismiss Deputy Woida based on qualified immunity despite its finding that Mahajni did not satisfy his burden.

"Qualified immunity is an affirmative defense, and *once raised, the plaintiff bears the burden of defeating it* by showing: (1) the defendant violated a constitutional right, and (2) that right was clearly established at the time of the alleged violation." *Sinn*, 911 F.3d at 418. (emphasis added). A plaintiff's failure to meet the burden on "'either [prong] is fatal for the plaintiff's case.'" *Id.* (quoting *Archer v. Chisholm*, 870 F.3d 603, 613 (7th Cir. 2017) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)); *see also Green v. Newport*, 868 F.3d 629, 633 (7th Cir. 2017).

Mahajni's response brief ignores well-established Supreme Court and Seventh Circuit precedent regarding the plaintiff's burden on qualified immunity, as well as the District Court's determination that he did not meet his burden to overcome Deputy Woida's qualified immunity defense. Instead, Mahajni argues that Deputy Woida's invocation of qualified immunity was insufficient to place any burden on him because such a burden "would only arise if in fact Appellants had given the District Court any basis on which to make a ruling." (Dkt. 31, p. 8). In this regard, Mahajni seems to propose that Appellants had the burden to show that Deputy Woida's alleged conduct did *not* violate his clearly established rights: "Appellants fail to cite any controlling authority suggesting that there is any debate about whether the

"clear as crystal" violation of his oath by Woida was anything other than a violation of the constitutional rights of Appellee . . . ." (*Id.*, pp. 18-19).[4]

But the burden is *always* on the plaintiff to overcome qualified immunity, and no controlling authority indicates otherwise. *See Burritt*, 807 F.3d at 249. Further, existing precedent establishes that it became Mahajni's burden once Deputy Woida raised the defense. *Id.* (plaintiff has the burden "[o]nce qualified immunity is raised . . . ."); *Sinn*, 911 F.3d at 418 (same); *Archer*, 870 F.3d at 613 (same); *Green*, 868 F.3d at 633 (plaintiff has the burden "[t]o overcome a defendant's *invocation* of qualified immunity . . . .) (emphasis added).

In the present case, Deputy Woida's invocation of qualified immunity placed the burden of overcoming it on Mahajni. *Id.* Contrary to Mahajni's unsupported position, once Deputy Woida raised qualified immunity, nothing required him to first establish a prima facie case or identify controlling authority demonstrating there was no violation of a clearly established right before Mahajni's burden attached. Such a requirement would alleviate the

---

[4] It should be noted that the District Court did not find a "clear as crystal" violation of Mahajni's constitutional rights by Deputy Woida. In addressing the clearly established prong of the qualified immunity inquiry relating to *Deputy Do*, the District Court stated, "I think the answer with regard to Deputy Do is -- is clear as crystal."

plaintiff from its burden and place a non-existent burden on the defendant. *See Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir. 1996) (noting that government officials "do not need to prove that they were 'right' in order to enjoy the defense [of qualified immunity]).

### B. Mahajni Failed to Meet his Burden to Show that Deputy Woida's Alleged Conduct Violated a Clearly Established Right.

Mahajni's burden on qualified immunity required him to demonstrate that the rights Deputy Woida allegedly violated were "clearly established" in one of three ways: (1) "[f]irst, by identifying a 'closely analogous case finding the alleged violation unlawful[;]'" (2) "[s]econd, by identifying in the relevant caselaw 'such a clear trend . . . that we can say with fair assurance that the recognition of the right by a controlling precedent was merely a question of time[;]'" and (3) third, "reserved for 'rare cases,' [by showing the alleged conduct] was 'so egregious and unreasonable that no reasonable official could have thought he was acting lawfully.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 620 (7th Cir. 2022) (quoting *Reed v. Palmer*, 906 F.3d 540, 547 (7th Cir. 2018)).

Here, Mahajni did not satisfy his burden because he failed to address Deputy Woida's assertion of qualified immunity in responding to Appellants' Rule 12(c) motion. (R. 34; App. 40-42). Although Mahajni presented

arguments in opposition to Deputy Do's qualified immunity defense, he did not develop any substantive arguments, analyze Deputy Woida's alleged conduct, or identify closely analogous controlling precedent holding that the rights in question were clearly established at the time. (R. 34).

Despite citing to ". . . an abject inability of Appellee to prepare a response . . ." to Deputy Woida's assertion of qualified immunity, Mahajni also confusingly appears to argue that he did not need to independently address Deputy Woida's qualified immunity defense because he adequately responded to Deputy Do's qualified immunity defense. (*See* Dkt. 31, pp. 6, 9, 17-18). In this regard, Mahajni states, "The legal fiction of parsing out the manner in which each [Do and Woida] violated their respective oath is a bridge too far." (*Id.*, p. 9).

However, there is nothing fictional about the well-established precedent of this Court, which recognizes that "§ 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) *see also Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986) (a § 1983 individual capacity claim implies "the defendant did something that is tortious independent of the office the defendant hold . . . ."). Mahajni's

attempted clarification of his theory of liability against Deputy Woida in his response brief also does not help his position: "The <u>Complaint</u> does not make an invidious distinction between the two violations, properly treating them as one action taken by two conspiring tortfeasors acting in lockstep as a team . . . ." (*Id.*, p. 17-18) (emphasis in original). But there is no conspiracy alleged in the Complaint, and this argument runs afoul Supreme Court precedent concerning the pleading requirements applicable to § 1983 individual capacity claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (to state an individual capacity § 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution.") (emphasis added).

Mahajni's contention that requiring a separate analysis of Deputy Woida's qualified immunity "is patently absurd[,]" and his argument that Deputy Woida's alleged violation of his bailiff oath demonstrates a violation of a clearly established rights also ignores the Supreme Court and this Court's directives regarding qualified immunity. (*See* Dkt. 31, pp. 18-19). For purposes of qualified immunity, the right violated must be defined "'at the appropriate level of specificity[,]" as "'[t]he Supreme Court has 'repeatedly told courts . . . not to define clearly established law at a high level of generality.'") *Reed*, 906 F.3d at 548 (internal citations omitted); *Sabo v.*

*Erickson*, 128 F.4th 836, 844 (7th Cir. 2025). "The dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Mullenix v. Luna*, 577 U.S. 7, 12, (2015) (emphasis in original) (internal citations omitted); *see also Volkman v. Ryker*, 736 F.3d 1084, 1090 (". . . 'the test for immunity should be whether the law was clear in relation to the *specific* facts confronting the public official when he acted.'") (emphasis added) (internal citations omitted).

Therefore, Mahajni's response to Deputy Do's qualified immunity does not carry his burden with respect to Deputy Woida's entitlement to qualified immunity. Likewise, to adopt Mahajni's position that qualified immunity is inappropriate because he alleged that Deputy Woida took an oath and Deputy Do is alleged to have acted contrary to that oath would be to define the rights in question far too broadly. Simply taking an oath does not establish that the specific conduct of Deputy Woida caused a violation of Mahajni's clearly established rights, nor does it provide "the sort of definitive statement of the law by the courts that would make a constitutional violation 'clearly established.'" *See Gibbs v. Lomas*, 755 F.3d 529, 541 (7th Cir. 2014).

### C. Mahajni's Failure to Respond to Deputy Woida's Non-Frivolous Affirmative Defense is Dispositive.

Despite the District Court's acknowledgement that it "could simply dismiss Deputy Woida as a defendant for the plaintiff's failure to meet the

burden[,]" it did not based on its finding that Deputy Woida also did not demonstrate that his ". . . particular conduct or lack of conduct . . . was somehow not a clearly established right." (App. 41). The District Court's refusal to apply qualified immunity on this basis improperly placed the ultimate burden of persuasion on Deputy Woida. Mahajni's failure to address Deputy Woida's qualified immunity defense does not shift the burden to back to Deputy Woida to prove that no violation of a clearly established right occurred, as officials "do not need to prove that they were 'right' in order to enjoy the defense [of qualified immunity]." *See Erwin*, 92 F.3d at 525.

As discussed in Appellants' opening brief, this Court's decision in *Sinn v. Lemmon* supports the reversal of the District Court's decision and the granting of qualified immunity to Deputy Woida. 911 F.3d 412 (7th Cir. 2018). Similar to this case, two of the defendants in *Sinn* "raised the affirmative defense of qualified immunity, and [the plaintiff] argued 'absolutely nothing in response.'" *Id.*, p. 418. Unlike this case, the district court granted the defendants' motion for judgment on the pleadings based on qualified immunity, reasoning that the plaintiff presumably conceded the issue. *Id.* On appeal, this Court affirmed the district court's decision, holding that even if the complaint stated a claim that the defendants' conduct violated the Constitution, the plaintiff "did not address the 'clearly

established' prong of qualified immunity in the district court" and was therefore barred from relitigating the matter on appeal. *Id.*, p. 419; *see also Fultz v. Taylor*, 2023 WL 2328212 (N.D. Ind. Mar. 1, 2023) (granting summary judgment as to defendants' non-frivolous assertions of qualified immunity based solely on plaintiff's failure to respond to their defense); *see also Smith v. McCord*, 707 F.3d 1161 (10th Cir. 2013) (affirming summary judgment on qualified immunity grounds because the plaintiff failed to address the defense); *see also Doe v. Board of Regents of University of Michigan*, 2023 WL 5095799 (6th Cir. Aug. 9, 2023) (not reported) (holding that the plaintiff "forfeited any argument that the individual defendants were not protected by qualified immunity[ ]" by due to plaintiff's failure to respond to the defense).

Mahajni argues that the above-cited cases are inapplicable to the present matter for several reasons, none of which are persuasive. (Dkt. 31, pp. 13-16). He argues that *Sinn* is factually distinguishable from this case because the district court in *Sinn* "accorded the parties wide latitude to directly address the alleged deficiencies in support of the argument against the affirmative defense, and Sinn wholly failed to do so." (*Id.*, p. 14). In an apparent attempt to support his position as to *Sinn's* inapplicability, Mahajni cites to the fact that the District Court in this matter denied Deputy Woida's

qualified immunity without prejudice and stated it could be raised on summary judgment. (*Id.*) But this is immaterial to the relevant holding of *Sinn*, which should apply equally in this case: a plaintiff's complete failure to respond to qualified immunity is fatal to his case and warrants the application of qualified immunity. Both Mahajni and the *Sinn* plaintiff failed to respond to qualified immunity after it had been raised; both failed to meet their burden on qualified immunity; and the fact that Sinn filed a motion for reconsideration of the district court's decision on qualified immunity before appealing is irrelevant.

Mahajni's primary criticism of Appellants' reliance on the decisions in *Fultz* and *Smith* is that they involved motions for summary judgment, whereas this appeal concerns the denial of a motion for judgment on the pleadings. (*Id.*, pp. 14-15). However, regardless of whether qualified immunity is addressed on the pleadings or at summary judgment, the plaintiff has the burden to defeat it. *Sinn*, 911 F.3d at 418 (motion for judgment on the pleadings); *Gibbs*, 755 F.3d at 540 (motion for summary judgment). On either type of motion, a plaintiff's failure to meet his or her burden as to both prongs of the qualified immunity analysis is fatal to the plaintiff's case. *Id.*

Mahajni's failure to address qualified immunity in relation to Deputy Woida also constitutes a forfeiture and waiver of his arguments in opposition to the defense. *See U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (it is "clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).") (collecting cases).[5] A party's failure to respond to a dispositive, but frivolous, argument before a district court is not "in itself a forfeiture requiring that [the appellate court] reverse the judgment appealed from." *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001).

As discussed, the District Court's rationale for denying Deputy Woida qualified immunity was that he failed to show that his alleged conduct did

---

[5] Mahajni appears to argue that the "Milwaukee County Sheriff's Office Rules and Regulations" and 18 U.S.C. § 1503 would have put a reasonable official on notice that failing to report Deputy Do violated Mahajni's clearly established rights. (Dkt. 31, pp. 20-21). Because he did not raise these arguments in the District Court, they should not be considered on appeal. *See Berkowitz*, 927 F.2d at 1384. Further, the internal rules and regulations of the Sheriff's Office are not part of the pleadings and may not be considered in the context of Appellants' Rule 12(c) motion. Even if they could be considered, an agency's internal policies, rules, and regulations are irrelevant to whether a constitutional violation occurred. *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020) ("Even if [the defendant] had ignored the policy, though, a violation of a jail policy is not a constitutional violation enforceable under 42 U.S.C. § 1983.") (citing *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006)). Finally, the Complaint does not allege that either deputy was convicted of a crime, and a violation of a criminal statute does not, in and of itself, establish a violation of a clearly established constitutional right.

not violate a clearly established right. The court's decision was made without prejudice; it did not independently conclude that existing precedent put the constitutional question beyond debate; it did not base its denial of qualified immunity on the need for further factual development; and it did not determine that his assertion of qualified immunity was frivolous on its face. (App. 40-42).

As set forth more fully in Appellants' opening brief, at the very least, there is a colorable basis for Deputy Woida to assert qualified immunity. The Complaint alleges that "at some point between 8:35 a.m. until 11:42 a.m., at least one juror asked Do a question[,]" and that, ". . . Do took it upon himself and answered the question of the juror . . . ." (*Id.*, ¶¶ 30, 34). As to Deputy Woida, the Complaint asserts that he was aware that Deputy Do *responded* to the juror's question, *knew* that Deputy Do interfered with the jury, but did not stop or report him. (R. 1, ¶¶ 36, 38, 110, 116). [6] However, the Complaint

---

[6] It should be noted that in the Complaint, under the section entitled "Third Claim of Relief Failure to Intervene—Wisconsin State Law[,]" Mahajni alleges that, "Woida, during the constitutional violations, stood by without intervening to prevent the violation of Mahajni's constitutional rights, even though he had the duty and opportunity do so." (R. 1, p. 16, ¶ 123). First, Mahajni's third claim of relief was dismissed by the District Court. (App. 2). Second, Mahajni's allegations in paragraph 123 of his Complaint are not well-pleaded *facts* which state a § 1983 failure-to-intervene claim for relief; instead, they constitute "legal conclusions and conclusory allegations merely reciting the elements of the claim [which] are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

does not allege facts which, if true, plausibly establish that he had a reasonable opportunity to intervene and prevent Deputy Do from speaking to the jury. *See Stewardson v. Biggs*, 43 F.4th 732, 736 (7th Cir. 2022). Similarly, neither Mahajni nor the District Court identified controlling authority or a trend in case law existing at the time of the alleged violation which established, beyond debate, that Deputy Woida's alleged failure to stop or report Deputy Do *after* becoming aware he already spoke to the juror violated Mahajni's clearly established rights under the Fourth, Sixth, or Fourteenth Amendments.

Therefore, based on the allegations in the Complaint, Deputy Woida's assertion of qualified immunity is not frivolous. Because Mahajni failed to meet his burden to overcome Deputy Woida's assertion of qualified immunity and because Mahajni waived his opposition to Deputy Woida's non-frivolous and dispositive affirmative defense by failing to address it, the District Court erred when it declined to dismiss Deputy Woida based on qualified immunity.

## III. MAHAJNI'S INVOCATION OF RULE 11 SANCTIONS IS UNWARRANTED AND INAPPROPRIATE.

Finally, without any justifiable basis in law or fact, Mahajni improperly invokes Fed. R. Civ. P. 11 and recommends that this Court sanction Appellants by remanding this matter "with an order that the District Court grant summary judgment as a matter of law to Appellee as to liability as to

both Vu Do and Woida, and to set the matter for a trial as to damages . . . ." (Dkt. 31, p. 25). He also states that an award of costs and attorney's fees would be appropriate under the circumstances. (*Id.*)

In direct contravention of Rule 11, Mahajni's recommendation for the imposition of sanctions is not made through a separate motion. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Mahajni also does not represent that he provided Appellants with notice and a reasonable opportunity to respond before improperly filing his request for sanctions in his response brief. Fed. R. Civ. P. 11(c)(1)(2). Consequently, his request for sanctions is not properly before the Court and should be given no consideration.

Regardless, the allegations forming the basis for his request are without merit and do not warrant sanctions:

> The several month delay in the prosecution of this matter occasioned by the failed attempt to add additional ancillary statute of limitations matters to this appeal, the distortions of the record, the citation to misplaced and inapplicable legal authorities, the failure to absorb the District Court's clear direction and invitation to revisit the matter in the form of a Summary Judgment motion, and stubborn refusal to abandon this meritless appeal leading to ethically questionable conduct in the assertions made to this tribunal, all cry out for more. But what?

(Dkt. 31, p. 24).

As to the alleged delay in prosecution resulting from the certification of the statute of limitations issue for interlocutory appeal, Mahajni's allegations regarding Appellants or their counsel's motivations are entirely speculative. He has absolutely no evidence that Appellants' counsel acted in bad faith or engaged in conduct warranting sanctions with respect to this issue.

Regarding the alleged "distortions of the record," Mahajni states earlier in his brief that Appellants' counsel made ". . . material misstatements about what did or did not occur in the District Court to this tribunal; misstatements regarding what the Court actually said; and false suggestions regarding the shifting of burdens." (*Id.*, p. 11). To begin, if Mahajni believes Appellants' counsel misrepresented what occurred in the District Court, he fails to explain why he represented that the procedural history provided in Appellants' opening brief ". . . is essentially correct and Appellee has nothing of substance to add." (*Id.*, p. 2).

Moreover, as previously addressed, Mahajni fundamentally misunderstands the District Court's decision that is the subject of this appeal, but that does not mean that Appellants' counsel distorted the record. There is not a single instance in which Appellants misquoted or misstated "what the Court actually said." Further, Mahajni's allegations that

Appellants' counsel made false legal arguments regarding the burden on qualified immunity presumably refer to Appellants' arguments that the plaintiff has the burden to overcome qualified immunity once it is raised. But that proposition is supported by the law cited by Appellants, and their counsel have not made any intentional, false representations of the law in this matter.

In his response brief, Mahajni also quotes his qualified immunity arguments relating to *Deputy Do* that were contained in his brief opposing Appellants' Rule 12(c) motion filed in the District Court. (*Id.*, pp. 11-12; *see also* R. 34). Preceding this quote, he rhetorically asks, "Complete failure to address qualified immunity regarding Woida?" (Dkt. 31, p. 11). *Yes.* Deputy Woida's assertion of qualified immunity defense involves a different analysis than Deputy Do's because there are different allegations against each officer. Mahajni did not address Deputy Woida's alleged conduct in the context of qualified immunity, as the District Court also correctly determined. (R. 34; App. 40-42).

Mahajni elaborates on his contention that Appellants' counsel should be sanctioned because of their reliance on (in his view) inapplicable legal authorities earlier in his response brief:

> But the most egregious examples of overzealous misrepresentation presented themselves within the

> multiple instances of citations to purported "authorities" which are in fact cases emanating out of appeals of Summary Judgment motions, not Rule 12(c) motions, whose standards are completely different, as more fully set forth below.

(Dkt. 31, p. 11). Nowhere do Appellants' counsel argue that the procedural, evidentiary, and legal standards applicable to motions for summary judgment and motions for judgment on the pleadings are the same. As previously discussed, the plaintiff bears the burden to show a violation of a clearly established right once qualified immunity is raised, regardless of whether it is raised in a motion for summary judgment or motion for judgment on the pleadings. Appellants contend that the Complaint's allegations fail to state a claim for relief against Deputy Woida based on his entitlement to qualified immunity; they do not argue that Mahajni failed to meet his burden on summary judgment. Indeed, in *Sinn*, this Court addressed qualified immunity raised in a motion for judgment on the pleadings and relied on a Supreme Court decision concerning a summary judgment motion to support its recitation of the legal standards applicable to qualified immunity. *Sinn*, 911 F.3d at 418 (quoting and citing *Pearson*, 555 U.S. at 236). Therefore, Mahajni's misguided disagreement about the applicability of qualified immunity cases decided on summary judgment to this matter does not warrant sanctions against Appellants or their counsel.

Appellants exercised their right to immediately appeal the denial of Deputy Woida's qualified immunity, and nothing about this decision warrants sanctions. Appellants were not obligated "to absorb the District Court's clear direction and invitation to revisit the matter in the form of a Summary Judgment motion" before filing this appeal. (*See* Dkt. 31, p. 24); *see also Sabo*, 128 F.4th at 842-43 (noting that the Supreme Court directs courts to resolve questions of immunity at the earliest stage in litigation "because qualified immunity protects government officials from both litigation and liability.") (internal citations omitted). Lastly, Appellants' appeal has merit, and it is certainly not frivolous. Their non-abandonment of this appeal does not reflect "ethically questionable conduct" by their counsel and does not provide a basis to impose sanctions.

Because there is no motion for sanctions properly before the Court, and because Appellants and their counsel have not engaged in conduct justifying sanctions, the Court should disregard Mahajni's improper and baseless recommendation for Rule 11 sanctions.

## CONCLUSION

Based on the foregoing, Appellants respectfully request that this Court reverse the District Court's rejection of Deputy Woida's qualified immunity defense in its November 20, 2024, decision and dismiss Mahajni's claims

against Deputy Woida, in their entirety and with prejudice, on the basis that he is entitled to qualified immunity.

Respectfully submitted this 4th day of August, 2025.

s/ Zachary J. Flood
SAMUEL C. HALL, JR.
WI State Bar No. 1045476
BRIANNA J. MEYER
WI State Bar No. 1098293
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants-Appellants,
Vu Do and Scott Woida
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: (414) 271-7722
shall@crivellolaw.com
bmeyer@crivellolaw.com
zflood@crivellolaw.com

## CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7), FRAP RULE 32(g), FRAP RULE 32(c)

The undersigned counsel of record for Defendants-Appellants Vu Do and Scott Woida furnishes the following in compliance F.R.A.P Rule 32(a)(7) and C.R. 32(c):

I hereby certify that this brief conforms to the type-volume rules contained in Fed. R. App. P. 32(a)(7) for a brief produced with a proportionally spaced 12-point (or larger) type-face font. The length of this brief is 5,837 words, excluding portions of the brief exempted by Fed. R. App. P. 32(f).

Dated this 4th day of August, 2025.

s/ Zachary J. Flood
SAMUEL C. HALL, JR.
WI State Bar No. 1045476
BRIANNA J. MEYER
WI State Bar No. 1098293
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants-Appellants,
Vu Do and Scott Woida
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: (414) 271-7722
shall@crivellolaw.com
bmeyer@crivellolaw.com
zflood@crivellolaw.com

**PROOF OF SERVICE**

Pursuant to Cir. R. 31(e), I e-filed a digital copy of the brief in searchable PDF format via the ECF System and served all counsel of record with the digital version via CM/ECF system and/or via regular mail to the following:

KURTER LAW OFFICES
Imran S. Kurter, Esq.
10012 W. Capitol Drive, Suite 206
Milwaukee, WI 53222

*Attorneys for Plaintiff-Appellee*

Dated this 4th day of August, 2025.

s/ Zachary J. Flood
SAMUEL C. HALL, JR.
WI State Bar No. 1045476
BRIANNA J. MEYER
WI State Bar No. 1098293
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants-Appellants,
Vu Do and Scott Woida
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: (414) 271-7722
shall@crivellolaw.com
bmeyer@crivellolaw.com
zflood@crivellolaw.com